# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ELIZABETH CANNON,<br><br>        Plaintiff,<br><br>vs.<br><br>ANDERSON BUSINESS ADVISORS, LLC, a Nevada limited liability company,<br><br>        Defendant. | 2:18-cv-01599-APG-VCF<br><br>**ORDER**<br><br>Emergency Motion for Protective Order and for Sanctions [ECF No. 85] |

Before the Court is defendant Anderson Business Advisors LLC's sealed emergency motion for a protective order and sanctions. (ECF No. 85). The motion is granted in part.

**I.    Background**

On August 24, 2018, plaintiff filed the operative complaint alleging violation of the family medical leave act, family medical leave act retaliation, breach of contract, breach of implied covenant of good faith and fair dealing. (ECF No. 1). Plaintiff's claims are related to the alleged events that led her former employer, the defendant, to terminate her employment on February 21, 2018. (ECF No. 1 at 3). On November 20, 2019, this Court held a hearing on multiple motions (ECF Nos. 28, 36, 39, 57, 65, and 68). Relevant to this motion, the Court granted defendant's motion to strike deposition topics in part; ordered that the 30(b)(6) deposition must be completed by January 22, 2020; that the dispositive motions deadline is February 26, 2020, and the joint pretrial order would be due March 26, 2020 or 30 days after a decision on the dispositive motion. (ECF No. 73). The Court also heard representations from both parties regarding whether certain documents that plaintiff's counsel had obtained were disclosed to plaintiff's counsel in

1

breach of a confidentiality order. (See, e.g., ECF No. 80 at 39).

At the hearing, the Court found that the facts relevant to the motion for protective order were not in dispute, and that there was no, "need to hold an evidentiary hearing because Judge Williams has already found that the documents were stolen." (*Id*. at 28). Ms. Foley, counsel for plaintiff, stated in open court that she received the documents from her co-counsel, Mr. Trenchak." (*Id.*) The Court found that it was premature to determine whether the parties would be able to use the documents at trial. (*Id.* at 39). The Court ordered that plaintiff's counsel could review the 14,000 pages of documents, which are subject to a protective order, and that plaintiff must provide the defense with Bates numbered copies of any relevant documents prior to the 30(b)(6) deposition. (*Id.* at 39-40). The Court also limited the 30(b)(6) deposition topics and set a limit of three hours for the deposition. (*Id.* at 21). The Court also ordered that the 14,000 documents, "are subject to the protective order. They're under seal and attorneys'-eyes-only" except that the Court contemplated that plaintiff would, "be able to question" the 30(b)(6) deponent regarding the designated documents or otherwise tell defendant that, "these are the documents [plaintiff would like to] be able to potentially use at trial." (*Id.* at 41).

Defendant moves for a protective order because it alleges that the 400 documents that plaintiff designated are "completely irrelevant" to her claims. (ECF No. 85 at 7). Defendant moves for the Court to, "immediately find that the designated documents are irrelevant and protected from any further use in discovery." (*Id.* at 8). Defendant also asks this Court to order that the 14,000 documents at issue must be destroyed. (*Id*.). Defendant also asks for sanctions. (*Id*.).

Plaintiff argues that the 400 documents are relevant, and that defendant's motion is frivolous because, "[t]his is not the first motion in which Defendant's Counsel has attempted to use the same factual and legal basis for sanctions." (ECF No. 87 at 7). Defendant argues in its reply that even if some of the documents would have been relevant, "any such evidence would be excluded as evidence of subsequent remedial measures under Fed. R. Evid. 407." (ECF No. 88 at 5).

## II. Discussion

Federal Rule of Civil Procedure 26 states that, "[t]he court may specify conditions for the discovery." FRCP 26 also states that, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[ ]." "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *see also Beckman*, 966 F.2d at 476 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.").

Defendant has shown good cause to modify the protective order because both parties agree that the remainder of the documents—the undesignated 13,600 (approximately) documents—are not relevant to plaintiff's claims. The Court orders that the remainder of the documents—the 13,600 documents that plaintiff has not designated—should be destroyed. Courts prefer to hear cases on the merits: plaintiff's counsel has reviewed all 14,000 documents pursuant to the Court's order and she believes only 400 are potentially relevant to her client's claims.

Defendant further argues that none of the (approximately) 400 documents plaintiff has designated are relevant to her claims. Defendant argues, for example, that some of the designated documents include confidential information about third parties. Defendant also argues that other documents include policy information that are dated after plaintiff's termination, so the documents would be inadmissible as evidence of subsequent remedial measures. Defendant has not met its burden to show that there is good cause to order that plaintiff destroy the 400 designated documents because there is a protective order in place and it is still premature for the Court to decide whether any of these documents will be admissible at trial. The 400 documents will remain protected by the protective order: the 400 documents are still sealed and the Court has ordered that they are attorneys'-eyes-only except that plaintiff may question the 30(b)(6) deponent regarding the documents, within the confines of this

Court's previous order. The Court declines an award of sanctions.

The parties must complete the 30(b)(6) deposition by Thursday, March 5, 2020. The dispositive motion deadline is Monday, April 6, 2020. The joint pretrial order is due Wednesday, May 6, 2020. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

Accordingly,

IT IS ORDERED that defendant's motion for a protective order and sanctions (ECF No. 85) is GRANTED IN PART. Plaintiff's counsel must return all hard copies of the undesignated 13,600 documents to defendant's counsel by Thursday, February 20, 2020 with a sworn declaration that plaintiff and her counsel have destroyed all electronic copies of the (approximately) 13,600 documents.

IT IS FURTHER ORDERED that parties must complete the 30(b)(6) deposition by Thursday, March 5, 2020. The dispositive motion deadline is Monday, April 6, 2020. The joint pretrial order is due Wednesday, May 6, 2020. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

IT IS SO ORDERED.

DATED this 13th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE