**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| ELIZABETH CANNON, | |
| Plaintiff, | |
| vs. | 2:18-cv-01599-APG-VCF |
| ANDERSON BUSINESS ADVISORS, LLC, a Nevada limited liability company, | **ORDER** |
| Defendant. | Plaintiff's Motion to Stay Case [ECF No. 113] |

Before the Court is plaintiff Elizabeth Cannon's motion to stay case. (ECF No. 113). The defendant filed a response (ECF No. 114) and the plaintiff did not file a reply. The motion to stay case is denied.

**I.     Background**

On August 24, 2018, plaintiff filed the operative complaint alleging violations of the family medical leave act, family medical leave act retaliation, breach of contract, breach of implied covenant of good faith and fair dealing. (ECF No. 1). Plaintiff's claims are related to the alleged events that led her former employer, the defendant, to terminate her employment on February 21, 2018. (ECF No. 1 at 3).

Plaintiff reports in her motion to stay case that she took a remote deposition via Zoom of Rodney Truman, the designated person most knowledgeable for defendant on April 30, 2020. (ECF No. 113 at 4). Plaintiff states that Litigation Services provided a court reporter/stenographer and facilitated the remote deposition using the Zoom web meeting format due to the COVID-19 pandemic. (*Id.*). Plaintiff argues that the Zoom recording that Litigation Services provided did not have the same "view" that she

had during the deposition. (*Id*.) Plaintiff alleges that the defendant's attorney coached the witness during the deposition. (*Id*.) Plaintiff asks the Court to allow her to subpoena Zoom Video Communications, Inc. so that she may obtain a copy of the recording from Zoom. (*Id.* at 4). Plaintiff also asks the Court to stay "any motion deadlines" pending receipt of the recordings from Zoom. (*Id*.) Plaintiff did not attach a copy of the deposition notice to the motion.

The defendant argues in opposition that the plaintiff has cited no legal authority to reopen discovery and that the allegation of "off-camera" coaching is baseless. (ECF No. 114 at 3). Defendant also argues that plaintiff's motion is untimely because she could have sought relief pursuant to Federal Rule of Civil Procedure 30 during or within 30 days after the deposition. (*Id.* at 7). The defendant asks the Court to sanction plaintiff for vexatiously multiplying the proceedings. (*Id*. at 8).

The plaintiff did not file a reply, but the parties filed a stipulation to allow the plaintiff 30 more days to respond to the motion for summary judgement (ECF No. 115 at 2) and the Court granted the stipulation (ECF No. 116).

**II.     Discussion**

"A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "The party who notices the deposition must state in the notice the method for recording the testimony." FRCP 30(b)(3).  "The parties may stipulate--or the court may on motion order--that a deposition be taken by telephone or other remote means." FRCP 30(b)(4). "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FRCP 30(d)(3)(A).

This Court has denied plaintiff's requests to extend or reopen discovery in this case, finding that, "[p]laintiff ha[d] not been diligent in pursuing discovery." (ECF No. 24). Discovery closed in this case on July 1, 2019 (ECF No. 15) and the Court will not reopen discovery now. There is no evidence that

plaintiff noticed a video deposition pursuant to Rule 30(b)(3); plaintiff states that the parties took the deposition remotely, i.e. pursuant to FRCP 30(b)(4) "using a Zoom web meeting format due to the ongoing social distancing required by the COVID-19 pandemic." The certified transcript of witness Truman is the official record of his sworn testimony. Plaintiff did not promptly act regarding any suspicions of unethical conduct: plaintiff did not seek relief until over a month after the deposition and until after the defendant filed its motion for summary judgment. Plaintiff has not presented any evidence that defendant's counsel acted unethically or coached the witness during the deposition.

Since the parties stipulated to allow plaintiff additional time to respond to the motion for summary judgment, the plaintiff's request for an extension is moot. Because the defendant filed a dispositive motion, the deadline for filing the joint pretrial order is now suspended until 30 days after a decision on the dispositive motion or further court order. The Court declines to award sanctions to the defendant.

Accordingly,

IT IS ORDERED that plaintiff Cannon's motion to stay the case (ECF No. 113) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE