1

CHRISTINA MUNDY-MAMER, ESQ.
Nevada Bar No. 13181

2

**MESSNER REEVES LLP**
8945 W. Russell Road, Suite 300

3

Las Vegas, Nevada 89148
Telephone:  (702) 363-5100
Facsimile:   (702) 363-5101

4

E-mail: *cmamer@messner.com*

5

6

*Attorneys for Defendant*
*Anderson Business Advisors, LLC*

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA, SOUTHERN DIVISION**

9

10

ELIZABETH CANNON, an individual,

Case No. 2:18-cv-01599-APG-VCF

Plaintiff,

11

vs.

**JOINT PRETRIAL ORDER**

12

ANDERSON BUSINESS ADVISORS, LLC, a
Nevada limited liability company,

13

Defendant.

14

15

After pretrial proceedings in this case, IT IS ORDERED:

16

The parties, Elizabeth Cannon ("Plaintiff") and Anderson Business Advisors, LLC

17

("Defendant") submit this Pretrial Order as follows:

18

**I.      Nature of the Case**

19

**a.  Plaintiff's Statement**

20

Plaintiff, Elizabeth Cannon brings her Complaint, filed 08/24/18 [ECF #1] alleging causes of

21

action for Family Medical Leave Interference and Family Medical Leave Act Retaliation pursuant to

22

29 U.S.C. § 2615, et. seq.  Plaintiff's Complaint also alleges causes of action for Breach of Contract,

23

Breach of the Covenant of Good Faith and Fair Dealing.  By order of the Court on 03/09/21 [ECF

24

#124], the Court dismissed Plaintiff's claims for Breach of Contract, and Breach of the Covenant of

25

1   Good Faith and Fair Dealing.  At this time, only Plaintiff's claims for FMLA Interference and FMLA

2   Retaliation are at issue.

3           **b.  Defendant's Statement**

4         Defendant, Anderson Business Advisors denies all claims. More specifically, Anderson

5   contends that on or about January 30, 2018, Anderson issued Plaintiff a level 2 written warning.

6   Anderson issued Plaintiff the warning because she was away from the office "Far Too Many Days."

7   Per the terms of the written warning, Plaintiff was required to come into the office for work, rather

8   than working remotely. On January 30, 2018, Plaintiff requested information regarding potential

9   FMLA leave claiming that she needed to take care of a "parent due to his/her serious health condition".

10   Cannon had previously inquired about taking FMLA leave for the same reason in April 2017.

11   Anderson provided Plaintiff with the required FMLA documents for her to have completed by her

12   mother's physician. Plaintiff requested a day off on February 16, 2018 for cosmetic breast surgery.

13   Plaintiff did not come into the office for work from February 19-21, 2018. Plaintiff's absences on

14   February 19-21, 2018 were "no call no show" absences. On February 20, 2018, Anderson

15   representative Dan Ollman contacted Plaintiff via text message to determine what was happening with

16   Plaintiff. Plaintiff indicated that she would be in to work, stating that she would "Uber tomorrow" and

17   that "Holly [would] clean [her] drains." Plaintiff did not report to work as promised in her text

18   messages. Anderson terminated Plaintiff's employment on February 21, 2018.

19   **Relief Sought**

20       (1) Plaintiff seeks past and future lost wages from the date of her termination through

21           payment of any judgment obtained;

22       (2) Plaintiff seeks liquidated and/or punitive damages to the fullest extent allowed under the

23           law, including, but not limited to, 29 U.S.C. § 2617(a)(1)(A)(iii);

24

25

1       (3) Plaintiff seeks pre-judgment interest to the fullest extent allowed under the law,

2             including, but not limited to, 29 U.S.C. § 2617(a)(1)(A)(ii);

3       (4) Plaintiff seeks fees and costs incurred in bringing the instant lawsuit to the fullest

4             allowed under the law, including, but not limited to, 29 U.S.C. § 2617(a)(3)

5  **Contentions of Parties:**

6       Plaintiff contends that she was wrongfully denied the protections of the FMLA when she had

7  surgery. Plaintiff further contends that she was terminated for exercising her rights under the

8  FMLA when she utilized the leave protections therein.

9       Defendant contends that Plaintiff was terminated for attendance issues.  Furthermore, Plaintiff

10  never sought to take FMLA leave.  Finally, Plaintiff never presented any evidence that even if

11  she had requested FMLA, that she was eligible for FMLA.

12                             **II.**

13  **Statement of Jurisdiction:**

14       The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2617,

15  which provides that an action for FMLA leave interference or retaliation may be maintained against

16  an employer "in any Federal or State court of competent jurisdiction." 29 U.S.C. § 2617(a)(2). 2. The

17  Court also has supplemental jurisdiction, when necessary, pursuant to 28 U.S.C. § 1367

18       This is an issue of Federal law, and this court has jurisdiction over this matter pursuant to 28

19  U.S.C. § 1331 and 29 U.S.C. § 2617, which provides that an action for FMLA leave interference or

20  retaliation may be maintained against an employer "in any Federal or State court of competent

21  jurisdiction." 29 U.S.C. § 2617(a)(2). 2. The Court also has supplemental jurisdiction, when necessary,

22  pursuant to 28 U.S.C. § 1367.

23

24

25

**III.**

The following facts are admitted by the parties and require no proof:

    (a) Anderson hired Elizabeth Cannon on April 18, 2016.

    (b) Plaintiff's last day of employment with Anderson was on February 21, 2018.

    (c) At the time of her termination, Plaintiff's job title was Senior Advisor.

**IV.**

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None at this time.

**V.**

The following are the issues of fact to be tried and determined at trial. [Each issue of fact must be stated separately and in specific terms.]

    (1) Whether Elizabeth Cannon qualified for FMLA protection either because of her surgery or her post-surgical care and/or complications.

    (2) Whether Elizabeth Cannon timely requested FMLA leave for her breast-surgery.

    (3) Whether Elizabeth Cannon's breast surgery would have qualified for leave under the FMLA.

    (4) Whether Elizabeth Cannon's termination was due to attendance issues.

**VI.**

The following are the issues of law to be to be tried and determined at trial. [Each issue of law must be stated separately and in specific terms.]

    (a) Whether Elizabeth Cannon's surgical procedure, and/or post-surgical complications, qualified for protection under the FMLA.

    (b) Whether Elizabeth Cannon timely requested FMLA leave for her breast surgery.

(c) Whether Elizabeth Cannon's breast surgery would have qualified for leave under the FMLA.

(d) Whether Anderson's termination of Elizabeth Cannon was retaliatory for her taking FMLA leave.

(e) Whether Anderson's termination of Elizabeth Cannon was in violation of the FMLA.

(f) Whether Elizabeth Cannon's termination was due to attendance issues.

## VII.

The following exhibits are stipulated into evidence in this case and may be so marked by the clerk.

None at this time.

## VIII.

(b) As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

    (1) Plaintiff's exhibits: None

    (2) Defendant's exhibits: None

(c) Electronic evidence: [State whether the parties intent to present electronic evidence for purposes of jury deliberations.]

    No Electronic Evidence is anticipated to be presented for the purpose of jury deliberations.

(d) Depositions:

    (1) Plaintiff will offer the following depositions:

    Deposition of Plaintiff, Elizbeth Cannon.  Plaintiff intends to use the entire deposition against Defendant.

    Deposition of Rodney Truman, the FRCP 30(b)(6) designee for Defendant. Plaintiff intends to use the entire deposition against Defendant.

    (5) Defendant will offer the following depositions:

1    Deposition of Plaintiff, Elizbeth Cannon.   Defendant intends to use the entire

2    deposition against Plaintiff.

3    Deposition of Rodney Truman, the FRCP 30(b)(6) designee for Defendant. Defendant

4    intends to use the entire deposition against Plaintiff.

5    (e) Objections to depositions:

6    1) Defendant objects to plaintiff's depositions as follows: None.

7    (2) Plaintiff objects to defendant's depositions as follows:  None.

8    **IX.**

9    The following witnesses may be called by the parties at trial:

10    (a)  Provide names and addresses of plaintiff's witnesses.[1]

11    (i)    Elizabeth Cannon
       C/O HKM Employment Attorneys
12       101 Convention Center Drive, Suite 600
       Las Vegas, Nevada, 89109

13

       (ii)    Rodney Truman
14       C/O Messner Reeves
       8945 W. Russell Road, Suite 300
15       Las Vegas, NV 89148

16    (iii)    Dan Ollman
       C/O Messner Reeves
17       8945 W. Russell Road, Suite 300
       Las Vegas, NV 89148

18

19    (iv)    Toby Mathis
       C/O Messner Reeves
20       8945 W. Russell Road, Suite 300
       Las Vegas, NV 89148

21

22

23

24    [1] Defendant objects to Plaintiff's witnesses as Plaintiff failed to complete any disclosures pursuant to FRCP 26 during the discovery period. Defendant also objects to Plaintiff's use of any documentary evidence under the same grounds.

25

    (v)    Clint Coons
C/O Messner Reeves
8945 W. Russell Road, Suite 300
Las Vegas, NV 89148

    (vi)    Michael Bowman C/O Messner Reeves
8945 W. Russell Road, Suite 300
Las Vegas, NV 89148

    (vii)    Randall Ritchie
C/O Messner Reeves
8945 W. Russell Road, Suite 300
Las Vegas, NV 89148

    (viii)    Elizabeth's Assistant

    (b) (b) Provide names and addresses of defendant's witnesses.

    (c) Anderson Business Advisors' FRCP 30(b)(6) Witness as to Human Resources, Rod Truman
c/o Messner Reeves
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148

    (d) Anderson Business Advisors' FRCP 30(b)(6) Witness as to Operations and Plaintiff's employment, David Gass
c/o Messner Reeves
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148

    (e) Plaintiff, Elizabeth Cannon
C/O HKM Employment Attorneys
101 Convention Center Drive, Suite 600
Las Vegas, Nevada, 89109

## X.

The attorneys or parties have met and jointly offer these three trial dates: February1-15, 2023, February 20-28, 2023, March 1-30, 2023. It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

1    It is estimated that the trial will take a total of 5-6 days not including jury selection.

2                                        **XI.**

3                            **ACTION BY THE COURT**

4    This case is set for jury trial on the stacked calendar on <u>February 6, 2023</u>, at <u>9:00 a.m</u>. Calendar call will

     be held on <u>January 31, 2023</u>, at <u>9:00 a.m</u>. in Las Vegas Courtroom 6C.
5

6    DATED: <u>May 23, 2022</u>

7                                                   _____

8                                                   ANDREW P. GORDON
                                                    UNITED STATES DISTRICT JUDGE
9    APPROVED AS TO FORM AND CONTENT:

     DATED this 16th day of May, 2022.
10

11   **HKM EMPLOYMENT ATTORNEYS LLP**          **MESSNER REEVES**

12   */s/ Jenny L. Foley*                      */s/ Renee M. Finch*
                                               _____
13   _____          **CHRISTINA MAE MAMER, ESQ.**
     **JENNY L. FOLEY, Ph.D., ESQ.**           **RENEE M. FINCH, ESQ.**
     101 Convention Center Drive, Suite 600    8945 W. Russell Road, Suite 300
14   Las Vegas, Nevada 89104                   Las Vegas, NV 89148
     Tel: (702) 805-8340                       702-363-5100
15   Fax: (702) 805-8340                       Fax: 702-363-5101
     E-mail: jfoley@hkm.com                    Email: cmamer@messner.com
16                                             Email: rfinch@messner.com
     and                                       *Attorneys for Defendant*
17

18   **MULLINS & TRENCHAK,**
     **ATTORNEYS AT LAW**
19   **PHILIP J. TRENCHAK, ESQ.**
     1614 S. Maryland Pkwy
20   Las Vegas, Nevada 89104
     Tel: (702) 778-9444
21   Fax: (702) 778-9449
     E: phil@mullinstrenchak.com
22   *Attorneys for Plaintiff*

23

24

25